# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-247V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SERENA A. BOURNE, *Legal representative and parent of a minor child*, J.A.B., | Filed: May 22, 2015 |
| Petitioner, | Decision by Stipulation; Attorney's Fees and Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard H. Moeller*, Berenstein, Moore, et al., Sioux City, IA, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On April 19, 2011, Serena A. Bourne, as legal representative and parent of a minor child, J.A.B., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] After all relevant medical records had been filed and both parties had filed expert reports in this matter, the parties filed a stipulation on January 8, 2015, settling the case and detailing the amount to be awarded to Petitioner. ECF No. 58. I subsequently issued a decision finding the

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

parties' stipulation to be reasonable and granting Petitioner an award as outlined in the stipulation. Decision Awarding Damages, dated Jan. 13, 2015 (ECF No. 59).

On May 21, 2015 (after Petitioner's filing of a motion dated May 1, 2015, seeking attorney's fees), the parties filed another stipulation, this time regarding attorney's fees and costs. ECF No. 65. Petitioner requests reimbursement of attorney's fees and costs in the amount of $67,526.07. *Id.* This amount represents a sum to which Respondent does not object. *Id.* In addition, and in compliance with General Order No. 9, Petitioner represents that she has personally incurred $209.05 of expenses in litigating this case. Pet'r's Ex. 40 (Statement Pursuant to General Order No. 9, dated May 1, 2015) (ECF No. 64-1).

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, (i) an award of $67,526.07 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, the law firm of Berenstein, Moore, Heffernan, Moeller & Johnson, LLP, and (ii) an award of $209.05 should be made in the form of a check payable to Petitioner. Payment of this amounts represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.